## Russell's Estate

Before Van Dusen, P. J., Stearne, Sinkler, Klein, Bolger, and Ladner, JJ.

648

650

652

654

*Joseph Atlas*, for exceptants.

*Daniel C. Donoghue*, contra.

SINKLER, J., August 19, 1937.—To the opinion of the hearing judge 26 exceptions have been filed in behalf of contestants. It is not necessary to consider each of the exceptions separately. The rulings of the hearing judge as to the admissibility of evidence, which are the subject of exceptions, are in each case correct. The exceptions to his findings relate to the testamentary capacity of decedent, undue influence exercised upon her, delusions or hallucinations upon religious topics, and failure to award an issue devisavit vel non.

The hearing judge before whom the appeal was heard and who dismissed the appeal had the opportunity to see and hear the testimony of the witnesses produced by both parties. Upon reading the record it is apparent that the

hearing judge, having given to both parties the greatest latitude permissible under the rules of evidence, has reached the correct decision. His opinion is complete on matters of law and fact, and there is nothing that can be well added to it.

The function of a judge in such cases as the present is described by Justice Stern in DeLaurentiis' Estate, 323 Pa. 70, at page 79. It is:

". . . to decide whether there is a substantial dispute upon a material matter of fact, and such a dispute exists if a verdict that might be reached by a jury, even if at variance with his own opinion, would not have to be set aside as judicially untenable because contrary to the weight of the evidence."

Applying the test to the present case the question is whether upon the facts before us the trial judge would be justified in setting aside the verdict of a jury holding that the will was invalid. The answer is an emphatic affirmative.

The exceptions are dismissed, and the decree of the hearing judge is confirmed absolutely.